IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| BRAD DESHAUN WHITE, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 7:20-CV-016-O |
| § | (NO. 7:18-CR-020-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Came on for consideration the motion of Brad Deshaun White, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the Government's response, the record, including the record in the underlying criminal case, No. 7:18-CR-020-O, styled "United States v. Floyd Raymond Richardson, et al.," and applicable authorities, finds that the motion should be denied, except to the extent that the Court will hear the matter of whether Movant requested his attorney to file a notice of appeal.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On September 19, 2018, Movant was named with others in a two-count amended information charging him in count one with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 318. Movant and his counsel signed a waiver of indictment.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 7:18-CR-020-O.

CR Doc. 411. They also signed an amended factual resume setting forth the penalty Movant faced, the elements of the offense, and the stipulated facts establishing that Movant had committed the offense. CR Doc. 412. Movant and counsel signed a consent to administration of guilty plea and allocution by United States Magistrate Judge. CR Doc. 410.

At arraignment, Movant testified under oath that: he understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him, his plea must not be induced or prompted by any promises, pressure, threats, force, or coercion of any kind, and that his plea must be voluntary, made only because he was guilty and for no other reason; the Court would not be bound by the stipulated facts and could take into account other facts; he had read the amended information and understood it; he committed all of the essential elements of the offense; he had discussed the case, the charges, the issue of punishment, and how the sentencing guidelines might apply with his attorney and was satisfied with the representation and advice he had received; no one had made any promise or assurance to him in an effort to induce him to plead guilty; he understood that he faced a term of imprisonment of not less than five years or more than forty years; he read and signed the amended factual resume and all of the facts stated were true and correct. CR Doc. 840. The Magistrate Judge recommended that the plea be accepted. CR Doc. 413. No objections were filed to the recommendation, which the Court accepted. CR Doc. 485.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 32. CR Doc. 518, ¶ 34. He received a two-level increase for importation, *id.* ¶ 35, and a three-level increase for being a manager or supervisor under USSG 3B1.1(b). *Id.* ¶ 37. He received a two-level and a one-level decrease for acceptance of

2

responsibility. *Id.* ¶¶ 41, 42. Based on a total offense level of 34 and a criminal history category of V, Movant's guideline imprisonment range was 235 to 293 months. *Id.* ¶ 112. Movant filed objections to the PSR, CR Doc. 662, and the probation officer prepared an addendum. CR Doc. 677. The Government filed a motion for downward departure. CR Doc. 641.

Counsel addressed the objections at sentencing and the Court overruled them, relying on the PSR and the Government's response to the objections and finding the information reliable. CR Doc. 927 at 7. Movant was sentenced to a term of imprisonment of 156 months, a downward departure. CR Doc. 780. He did not appeal.

## II. GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion, all based on alleged ineffective assistance of counsel. In ground one, Movant says that his attorney failed to file a notice of appeal. In ground two, he says that his attorney failed to object to a sentencing disparity between Movant and his co-conspirators. And, in ground three, he says that his counsel failed to object to the drug quantity attributed to him. Doc.[2] 1 at 7. In his supporting memorandum, Movant additionally says, "Trial counsel enduced [sic] Mr. White' guilty plea by a term of imprisonment not more than 10 years. However, Mr. White received 13 years . . ." Doc. 2 at 3.

In a document filed June 14, 2021, titled "Amended and Supplemental Pleadings Pursuant to Rule 15(c)(1)(B) of Federal Rules of Civil Procedure," Movant purports to assert an additional ground. Doc. 7. He says that counsel was ineffective in failing to object to the three-level enhancement for leadership role.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

### III. APPLICABLE LEGAL STANDARDS

#### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

#### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

4

would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV. ANALYSIS**

In his first ground, Movant contends that he requested that his attorney file a notice of appeal and the attorney failed to do so. Doc. 1 at 7; Doc. 2 at 3–4. Because the record does not conclusively show that Movant did not request an appeal, the government concedes that a hearing is necessary to consider whether such request was made. *See United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). That matter will be addressed by separate order.

Giving Movant the benefit of the doubt, he appears to be alleging that his plea was coerced by a representation that his sentence would not exceed ten years. Doc. 2 at 3. The allegation is wholly conclusory and insufficient. *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018).

Even if true, what Movant says does not vitiate his plea. A plea is not rendered involuntary because of an erroneous estimate by counsel of the length of sentence. *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *abrogated on other grounds*, *Glover v. United States*, 531 U.S. 198 (2005); *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). A prediction, prognosis, or statement of probabilities does not constitute an actual promise. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989).

Any contention that Movant's plea was not knowing, intelligent, and voluntary is belied by the record. Movant testified under oath that he understood that he should never depend or rely upon any statement or promise as to what penalty would be assessed against him; that he understood his guideline range could not be determined until the PSR was prepared; and that the Court could take into account facts other than the stipulated facts and that Movant would not have a right to withdraw his plea if his sentence was more severe than he anticipated. The Magistrate Judge specifically explained to Movant that the Court was not bound by the stipulated facts and could take into account other facts not mentioned in the stipulations. Movant testified that he understood. CR Doc. 840. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). His factual resume is likewise entitled to the presumption. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). It set forth the penalties to which Movant was subject. CR Doc. 412.

For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*,

6

132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). That is the case here.

Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegation to the contrary, he has made no attempt to show otherwise. And, he could not show prejudice, as he makes no attempt to show that he would have insisted on going to trial but for counsel's alleged representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). As Movant admitted, he clearly understood that he was pleading to an offense that carried a five year minimum and a forty year maximum sentence. CR Doc. 412; CR Doc. 840.

In his second ground, Movant asserts that his sentence is unreasonable when compared to the sentences of his co-defendants and that his counsel was ineffective in failing to bring that matter to the attention of the Court. Doc. 1 at 7; Doc. 2 at 6–7. He has not shown, however, that his sentence was disparate from the sentences of similarly situated defendants. He does not identify anyone whose sentence should be used as a comparator. His conclusory allegations are insufficient to show ineffective assistance. *Miller*, 200 F.3d at 282. Movant could not show prejudice in any event as his sentence was significantly below the guideline range and the Court specifically took into account the need to avoid sentencing disparities. CR Doc. 927; CR Doc. 783 at 4.

7

In his third ground, Movant argues that his counsel was ineffective in failing to object to the drug quantity in violation of the proffer agreement. Doc. 1 at 7; Doc. 2 at 7. The addendum to the PSR makes clear that the drug quantity was obtained not from Movant's own statements but from information provided by a co-defendant. CR Doc. 677 at 2.

The Court is satisfied that the additional ground asserted in Movant's amended and supplemental pleadings is untimely. 28 U.S.C. § 2255(f). Even were it to be considered, the ground is without merit. Movant did object to the leadership enhancement, CR Doc. 662, and the probation officer explained why the adjustment was appropriate. CR Doc. 677 at 3. The Court overruled the objection, finding that the information provided in the PSR, addendum thereto, and Government's response was reliable. CR Doc. 927 at 6–7. Counsel cannot have been ineffective in failing to pursue a meritless argument. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motions is **DENIED**, except that the Court will have a hearing to determine whether Movant requested his attorney to file a notice of appeal on his behalf.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 23rd day of July, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE